JOSEPH KEENIG, Respondent, v. THE MISSOURI PACIFIC RAILWAY COMPANY, Appellant.

19  327<br>84  419

#### Kansas City Court of Appeals, November 9, 1885.

NEGLIGENCE—INSTRUCTION CHARACTERIZING.—In an action for damages for injuries alleged by the petition to have been occasioned by the negligence of a railroad company in failing to ring a bell or sound a whistle, as required by section 806, Revised Statutes, there was no evidence that the bell was rung or the whistle sounded, and all the testimony on the subject was that neither had been done. *Held*, that an instruction assuming that the negligence charged had been established would have been justifiable. Following *Johnson v. Chicago, Rock Island & Pacific Railway Company*, 77 Mo. 546.

APPEAL from Cooper Circuit Court, HON. E. L. EDWARDS, Judge.

*Affirmed.*

Statement of case by the court.

This suit was brought to recover damages for the killing of two mules and the breaking of a wagon belonging to the plaintiff, at a public road crossing, by one of defendant's engines. It is alleged that the injury to the plaintiff was caused by defendant's negligence, in failing to ring its bell or sound its whistle eighty rods from said crossing, as required by section 806, Revised Statutes of 1879. The answer, in addition to a general denial, sets up that plaintiff's driver was guilty of contributory negligence, in that he did not stop, look, and

listen for a train. There was a replication, putting in issue the new matter in the answer. Upon trial, plaintiff obtained judgment, and the defendant has appealed to this court.

W. S. SHIRK and THOS. J. PORTIS, for the appellant.

I. The defendant's instruction in the nature of a demurrer to the evidence, should have been given on the ground of contributory negligence of plaintiff's driver. *Fletcher v. R. R. Co.*, 64 Mo. 284; *Henze v. R. R.*, 71 Mo. 636; *Johnson v. R. R.*, 77 Mo. 552; *Pa. R. R. v. Beale*, 73 Pa. St. 504.

II. The court erred in overruling defendant's motion for new trial.

DRAFFEN & WILLIAMS, for the respondent.

I. The defendant's negligence was conclusively proved. There was no contributory negligence on the part of plaintiff's driver. *Johnson v. R. R. Co.*, 77 Mo. 546.

II. There was no error in overruling motion for a new trial.

III. The point raised by defendant is wholly devoid of merit, and it is a proper case for the enforcement of section 3777 of the statutes.

HALL, J.—The only point made by the defendant is, that under the evidence, the plaintiff's driver was guilty of such contributory negligence that the trial court should have taken the case from the jury.

The evidence showed that the railroad ran in a northeast and southwest direction, and that the public road at and near the crossing, ran north and south; that about forty or fifty yards south of the railroad, a person on the public road could be seen down the railroad, west or southwest, about eighty rods, and that, from this point, there was a deep cut in the public road, down to the railroad track, and the view up and down the railroad was entirely obstructed until the track was reached.

William Cook testified that he, as an employe of the plaintiff, was driving plaintiff's team down to the field for a load of corn; that he stopped on the hill, just before starting into the cut, and looked and listened for a train; neither seeing nor hearing any, he drove down the cut to the crossing.

The facts in this case bring it within the rule laid down by the supreme court in *Johnson v. The R. R. Co.* (77 Mo. 552), and the trial court properly submitted it to the jury.

The judgment of the circuit court is affirmed. All concur.